## GOOD PINE LUMBER CO. v. DUKE.

(Circuit Court of Appeals, Fifth Circuit.   February 27, 1917.   Rehearing Denied March 20, 1917.)

### No. 2901.

1. JURY ☞28(17)—WAIVER OF JURY—MOTION TO VACATE.

   A motion to vacate waiver of a jury and award a trial by jury, made after hearing and submission of the case on the merits, comes too late.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 194–196.]

2. APPEAL AND ERROR ☞846(5)—REVIEW—ACTION TRIED TO COURT.

   When a cause is submitted to the court without a jury, under Rev. St. § 649 (Comp. St. 1913, § 1587), and only a general finding is made, no special findings being requested, the facts are not reviewable by the appellate court.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3351–3355.]

In Error to the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Action at law by John Gip Duke against the Good Pine Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. H. White, of Alexandria, La., for plaintiff in error.

George Wear, Jr., of Jena, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. [1] The motion to vacate waiver of jury and award a trial by jury, filed and made after hearing and submission of the case on the merits, comes too late to predicate error on denial of the same.

[2] As the finding of the court was general, and no agreement of facts nor special finding by the court was asked or made, the facts of the case are not reviewable on this writ.

We have examined the record in the light of the briefs filed, and we find no reversible error assigned or patent of record.

Judgment affirmed.