## HASTINGS v. JONES.

Circuit Court of Appeals, Seventh Circuit.
May 6, 1927.

Rehearing Denied May 28, 1927.

No. 3817.

Arbitration and award ⬤▶16(3)—Jury ⬤▶28 (17)—Written stipulation, waiving jury and submitting matters to trial judge as arbitrator for final determination, held not revocable after submission on merits; "special rule of court" (Comp. St. § 1587).

Written stipulation in open court, waiving jury trial and submitting all matters of fact and law for arbitration to trial judge, whose decision was to be final and not appealable, *held* not revocable after hearing and submission of case on merits, whether considered as mere waiver of jury under Rev. St. § 649 (Comp. St. § 1587), or as submission to arbitration, since in latter case court's acting on stipulation thereof was adoption as special "rule of court," which is a special order made in particular case.

[Ed. Note.—For other definitions, see Words and Phrases, Rule of Court.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Frank Graham Jones against Thomas Rankin, in which Samuel M. Hastings, as administrator of the estate of Thomas Rankin, deceased, was substituted as defendant. Judgment for plaintiff, and defendant brings error. Affirmed.

Leonard F. Martin, of Chicago, Ill., for plaintiff in error.

Caruthers Ewing, of Memphis, Tenn., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The record in this case shows the following: On October 8, 1925, there was pending in the court below an action at law brought by Frank M. Jones against Thomas Rankin. On that day the cause being at issue and called for trial, the parties entered into a written stipulation as follows:

"It appearing that the plaintiff, Frank Graham Jones, is in court in person, and also represented by his counsel, Caruthers Ewing and Howe, Fordham & Kraemer, and that the defendant, Thomas Rankin, is in court in person and represented by his counsel, Knapp & Campbell:

"It is hereby stipulated in open court between the plaintiff and the defendant that a trial by jury of this cause is hereby waived.

"It is further stipulated in open court that the dispute between the parties and all

18 F.(2d)—53

matters of fact and of law in issue in this cause are hereby submitted for arbitration to Judge George A. Carpenter of the United States District Court.

"It is further stipulated by and between the plaintiff and the defendant that the findings of fact and of law, and the final award and final decision in this cause by said arbitrator, shall be final and conclusive upon both plaintiff and defendant to all intents and purposes whatsoever; that neither parties shall appeal nor have the right to appeal from any of the findings of fact or of law in this cause, nor from any final decision or award, and that such final decision or award by said arbitrator shall operate as final judgment, or as final decree, the same as if rendered by the court of last resort in this cause."

This stipulation was signed by the parties and by their attorneys. Immediately upon its presentation to the court, "pursuant to said stipulation, there was a hearing before the Hon. George A. Carpenter, at which each of the parties introduced evidence and submitted briefs, and the matters in controversy were taken under advisement."

Four and one-half months after that time, before any decision or award had been made, to wit, on the 24th day of February, 1926, the defendant, Rankin, "presented to and filed with Hon. George A. Carpenter" an instrument in writing, by which he sought to revoke the stipulation. Upon objection by the plaintiff, "the said Judge George A. Carpenter" sustained the objection and denied the right of said Rankin to revoke. "Thereupon, immediately following the sustaining of said objection, on said 24th day of February, 1926, the said George A. Carpenter rendered his decision and award as follows, to wit:" Then follow findings of fact sufficient to sustain the judgment rendered, and judgment was rendered for the plaintiff.

Rankin objected and excepted to the entry of the judgment and findings, and each of them. Soon after the entry of the judgment, Rankin died. Hastings was appointed administrator of his estate, was substituted as defendant in the cause, and sued out this writ of error.

Plaintiff in error insists that the making of this agreement, and the proceedings thereon before Judge Carpenter amounted to a common-law submission of the cause to arbitration, and that, being such, it was revocable at any time before the arbitrator had made his award. This presents the only question on this writ.

Section 649 of the Revised Statutes (Comp. St. § 1587) provides:

"Issues of fact in civil cases in any circuit [district] court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

The Constitution guaranteed to the parties a trial by jury. The statute provided how they might waive it. The statute and the decisions under it told them what the effect of following the statute would be; that is, either party might have a review of the rulings of the court in the progress of the trial. So, to foreclose the matter, it was agreed that the decision should be final, without possibility of review.

The stipulation therefore amounts to a written waiver of a jury, plus an agreement that the findings of Judge Carpenter upon the facts and law should not be reviewable. A motion to vacate a waiver of jury, after a hearing and a submission of the case upon the merits, comes too late to predicate error upon the denial of it. Good Pine Lumber Co. v. Duke (C. C. A.) 240 F. 695.

But if the stipulation and the action of the judge and the parties upon it amounted to a submission to arbitration, plaintiff in error is in no better position. He concedes that such submission cannot be revoked when it has been made a rule of court. What is meant by this? Bouvier defines rule of court as "an order made by a court having competent jurisdiction"; and, further, "rules of court are either general or special—the former are the laws by which the practice of the court is governed; the latter are special orders made in particular cases." 3 Bouv. Law Dict. 2975. The acceptance of and the action upon this stipulation by the court, in open court, even if such action merely amounted to a reference to himself as an arbitrator, was an adoption of it as a rule of practice, a method of procedure in the cause. If we are to understand that under the stipulation the judge was to abdicate for a time, and proceed, as an arbitrator, to hear and decide the facts and law, and upon such findings was again to proceed as a court to pronounce judgment, this was an adoption of that method of trying the cause. The submission was thus made a special rule of court, and was not revocable.

Judgment affirmed.